# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CENTRAL PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA OF HUNTSVILLE, ALA.,** | ) ) ) ) |
| **Plaintiff,** | ) **Case No.: 5:07-CV-336-VEH** ) ) |
| **v.** | ) ) |
| **NORTH ALABAMA PRESBYTERY,** | ) ) ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

### I.      Introduction

This case was originally filed on January 29, 2007, in the Circuit Court of Madison County by Plaintiff Central Presbyterian Church in the United States of America of Huntsville, Alabama ("Central"). (Doc. #10 at Compl.). Defendant North Alabama Presbytery ("NAP") removed this case to this court on February 21, 2007. (Doc. #1).  NAP premised its removal upon federal question jurisdiction.

Pending before the court is Central's Motion to Remand Or, in the Alternative Motion for Temporary Restraining Order ("TRO") and Expedited Hearing (Doc. #2)

filed on February 23, 2007.  The court held a hearing in this case on Monday, February 26, 2007, at 4:00 p.m.  For the reasons explained below, Central's motion to remand is due to be granted.

## II.    Overview

As set forth in Central's verified complaint, Central "is an Alabama nonprofit corporation located in Huntsville, Alabama, established at its current location in 1854 and incorporated in 1912."  (Doc. #10 at Compl. ¶ 1).  NAP "is a regional administrative unit for the Presbyterian Church (U.S.A.) ("PCUSA")."  (*Id.* ¶ 2).  "PCUSA was formed in 1983 and currently has approximately 11,000 member churches located throughout the United States, including the State of Alabama and Madison County."  (*Id.*).

Central owns several tracts of real property (collectively, the "Land") that it (personally and through its predecessors) has "held, controlled insured maintained, improved and purchased . . .without interruption since their acquisition" as supported by five (5) separate deeds spanning the time period of 1854 to 2001.  (Doc. #10 at Compl. ¶ 7; *id.* at Ex. 1).  Central is also "an income beneficiary of a New York trust created under the Last Will and Testament of Marguerite Cartwright Hawthorne dated September 28, 1984[.]"  (Doc. #10 at Compl. ¶ 10).  Central has designated the proceeds that it receives from this trust as "Income under the Will".  (*Id.*).

2

A provision, namely G-8.0201 (the "G-Clause"), within the PCUSA's Book of Order, which is effectively the organization's constitution, states:

> All property held by or for a particular church . . . is held in trust nevertheless for the use and benefit of the Presbyterian Church (USA).

(Doc. #10 at Compl. ¶ 13).  Central maintains that in reliance upon the G-Clause, NAP takes the untenable position that it (*i.e.*, NAP) "may dictate ownership of local church property located within the geographical bounds of the presbytery[.]" (*Id.* ¶ 14).  Central disputes both the applicability and legal enforceability of the G-Clause on its real and personal property, including the Land and Income under the Will. (*Id.*).

## III.   Analysis

The law is clear that the party seeking to invoke jurisdiction, in this case, NAP, has the burden to demonstrate that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).  Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional defect can be raised at any time by either the parties or the court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

NAP premises its removal upon federal question jurisdiction.  28 U.S.C. §

1441.  Federal question jurisdiction is conferred by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The "well-pleaded complaint rule" governs whether this court has federal question jurisdiction.  *Caterpillar v. Williams*, 482 U.S. 386 (1987); *Gully v. First National Bank*, 299 U.S. 109 (1936); *Gulf States Paper Corporation v. Ingram*, 811 F.2d 1464 (11th Cir. 1987).

Under § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  Although the "vast majority" of federal question cases contain a federal law that creates the plaintiff's cause of action, *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), federal question jurisdiction is not limited to those cases.

There are some cases where, even though the federal law does not create the cause of action, the case depends on resolution of a federal question sufficiently substantial to "arise under" federal law.  *Franchise Tax Bd.*, 463 U.S. at 27-28; *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (federal jurisdiction exists

4

when the right to relief "depends upon the construction or application" of federal law and the claim "is not merely colorable").

Thus, to sustain federal question jurisdiction in this case, NAP must demonstrate either (1) the existence of a federal law that creates a cause of action for Central, or (2) that resolution of this case depends on resolution of a substantial federal question.  NAP is unable to demonstrate either prong.

A.     **This lawsuit does not implicate any federal constitutional violations under either the First or Fourteenth Amendment or any violations of a federal statute.**

Despite the fact that, in its complaint, Central seeks a determination of its property rights based upon Alabama law, NAP contends that this court has federal question jurisdiction because Central has directly and indirectly asserted allegations about the infringement of its First Amendment, Fourteenth Amendment, free speech, and due process rights under the United States Constitution.  (Doc. #10 at Compl. ¶¶ 32, 37, 49).  Alternatively, NAP maintains that the jeopardy of its own First Amendment (freedom of religion) rights serves as a basis for federal question jurisdiction.  (*See generally* Doc. #5).

The gravamen to any constitutional claim is the presence of a public, as opposed to a private, actor.  For example, as it pertains to the First Amendment:

Plaintiff alleges that defendants violated plaintiff's rights to freedom of

religion and freedom of association granted by the First Amendment. The First Amendment protects only against actions of the federal government or state governments, not private actors. As previously noted, plaintiff's claim that defendants are governmental actors by virtue of their receipt of federal tax credits is not valid. As plaintiff has failed to allege any governmental action, the claim under the First Amendment must be dismissed.

*See Glantz v. Automotive Service Ass'n of Pennsylvania, Inc.*, Civ. A. No. 91-5630, 1991 WL 270017, *3 (E.D. Pa. Dec. 11, 1991) (citing *Hudgens v. NLRB*, 424 U.S. 507 (1976)). "It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgement by government, federal or state." *Hudgens*, 424 U.S. at 513 (citing *Columbia Broadcasting System, Inc. v. Democratic National Comm.*, 412 U.S. 94 (1973)).

Similarly, only a state actor can violate the Fourteenth Amendment. *See Edwards v. U.S. Dept. of Energy*, 371 F. Supp. 2d 859 (W.D. Ky. 2005); *Willis v. Town of Marshall*, 293 F. Supp. 2d 608 (W.D. N.C. 2003) ("Plaintiffs alleging Fourteenth Amendment violations must show that the conduct of which they complain may be fairly characterized as state action.") (internal quotations omitted) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982)).

The lawsuit before this court involves only private parties, and no federal statute is explicitly or implicitly at issue. Moreover, the litigation does not present substantial federal issues challenging the constitutionality of a state law or a state

court order.  *See, e.g., The Md. & Va. Eldership of the Churches of God v. The Church of God at Sharpsburg*, 396 U.S. 367, 367-68 (U.S. 1970).  As explained by the United States Supreme Court in *The Church of God* decision:

> Appellants argue primarily that the statute, as applied, deprived the General Elde[r]ship of property in violation of the First Amendment. Since, however, the Maryland court's resolution of the dispute involved no inquiry into religious doctrine, appellees' motion to dismiss is granted, and the appeal is dismissed for want of a substantial federal question.

*Id.*, 396 U.S. at 367-68. Also, there is no contention that Alabama's property laws violate the United States constitution.  *See Jones v. Wolf*, 443 U.S. 595, 602-04 (1979) (elaborating on meaning of neutral principles of law and advocating its adoption by states).

The cases upon which NAP relies to substantiate federal question jurisdiction are inapplicable.  For example, *Gibson v. Firestone*, 741 F.2d 1268, 1269 (11th Cir. 1984), involves an appeal from a district court order refusing to enjoin a state actor, namely the Florida Secretary of State, from complying with a mandate from the Florida Supreme Court.  *Id.*  Accordingly, *Gibson* is not a purely private party case, was brought pursuant to 42 U.S.C. § 1983, and encompasses First and Fourteenth Amendment issues adequate to confer subject matter jurisdiction.  *Gibson*, 741 F.2d at 1271 ("These allegations, whether sufficient to state a claim for relief, are adequate

to invoke federal subject matter jurisdiction. . . . under 28 U.S.C. § 1343 (3), the jurisdictional counterpart of 42 U.S.C. § 1983.") (internal citation and footnote omitted).  Similarly, *Goosby v. Osser*, 409 U.S. 512 (1973), involves a class action by pretrial detainees in Philadelphia prisons challenging the constitutionality of Pennsylvania election statutes. *Id.* at 513-14.  More specifically, the issue addressed in *Goosby* "is whether 28 U.S.C. § 2281 required the convening of a three-judge court in the District Court for the Eastern District of Pennsylvania to hear this case." 409 U.S. at 513 (footnote omitted).

**B.    This court's ruling is consistent with the recent decision of the Northern District of Mississippi in a substantially similar case.**

In support of its motion to remand, Central relies upon and attaches an order entered by the Northern District of Mississippi in *First Presbyterian Church of Corinth, Mississippi v. Presbyterian of Saint Andrew, et al.* ("*FPC*"), No.: 1:07CV31, on February 20, 2007.  (Doc. #3 at Ex. C).  In *FPC*, the district court explained:

> While the Supreme Court has held that a case may arise under federal law where the vindication of a right under state law necessarily turns on construction of a substantial federal issue, the Court has made clear that the absence of a federal remedy for the violation of a federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction.
>
> In the court's view, the First Amendment issues in this case are

8

properly viewed as *limitations* upon the authority of the Circuit Court of Alcorn County, rather than as the basis for any private right of action such as might implicate the substantial federal question doctrine.

(Doc. #3 at Ex. C at 2 (internal quotations and citations omitted)).

Similarly, the free speech and due process concerns in this case "are properly viewed as limitations upon the authority of the Circuit Court of [Madison] County" and do not bestow this court with federal question jurisdiction to hear the case. *Id.* As Judge Mills stated in his decision in *FPC*, this court trusts that the circuit court will not delve into "ecclesiastical questions" in the process of resolving what is, at its essence, a property dispute[1]; but, in the event that the state court does impermissibly overstep its constitutional limitations, then redress may be had by appealing to the Supreme Court of Alabama, "and, if necessary to the U.S. Supreme Court." (Doc. #3 at Ex. C at 3-4 (citing *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 447 (1969))). Therefore, the court concludes that there is no basis for the exercise of removal jurisdiction premised upon

---

[1]The court notes NAP's strenuous objection to that portion of the circuit court's temporary restraining order that restrained NAP's "2) initiating any disciplinary action against the ministers or members of Central Presbyterian; 3) appointing an administrative commission to assert original jurisdiction over Central Presbyterian; [or] 4) appointing a special administrative review committee or other committee to inspect, review, interrogate, admonish or take any other similar actions. . . ." The court is confident that the circuit court will, at the hearing on preliminary injunction, thoughtfully consider NAP's arguments that this portion of its TRO in particular impermissibly invades matters of church polity.

federal question jurisdiction under § 1331, and the case is due to be remanded to the Circuit Court of Madison County.

## IV.    Conclusion

In order to give the state court judge an opportunity to hear on the merits Central's request for an injunction, the parties have agreed that neither party will, during the next 10 days, take any action that would impair either party's title to any disputed property; however, Central may continue to conduct its operations in the ordinary course[2].  The court appreciates the cooperation of both parties and their counsel.

As analyzed above, Central's motion to remand is due to granted.[3] Accordingly, the court will enter an order remanding the case to the Circuit Court of Madison County.  Further, the court finds, in the exercise of its discretion, that Central's request for attorney's fees and costs is due to be denied.

**DONE** and **ORDERED** this the 27th day of February, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2]  Including paying its bills or obligations in the ordinary course.

[3]Because the court concludes that it lacks subject matter jurisdiction, it does not reach the merits of Central's alternative motion for a temporary restraining order.

10